USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/25/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

RAMON ANDRES ABREU, :

               Plaintiff, :

  -against- :

GLENDA FOOD CORP., et al., :

               Defendants. :

------------------------------------X

17 Civ. 2006 (HBP)

OPINION
AND ORDER

        PITMAN, United States Magistrate Judge:

        I held a lengthy settlement conference in this matter on April 23, 2018 that was attended by the parties and their counsel. A settlement was reached at the conference and this matter is now before me on the parties' joint application to approve the settlement  All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

        Plaintiff alleges that he was employed as a butcher's helper from 2004 until November 25, 2016 at a supermarket that was owned and operated by defendants. Plaintiff further alleges that he worked approximately 60 hours per week and was paid between $181.25 and $225.00 per week for all hours worked. Plaintiff brings this action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL"), and seeks to recover minimum wage and unpaid

overtime premium pay. Plaintiff also asserts claims based on the defendants' alleged failure to provide certain wage notices and statements as required by the NYLL. According to his damages calculations, plaintiff is potentially owed $129,673.32 in unpaid minimum wages, overtime premium pay, spread-of-hours pay and statutory damages for wage notice and statement violations.

Defendants contend that plaintiff never worked more than 25 hours per week during his employment and that he was consistently paid $700 per week. Defendants further allege plaintiff would not have been entitled to overtime premium pay even if he had worked over 40 hours per week because he was subject to the executive exemption under the FLSA. Defendants provided time records and wage cards signed by plaintiff support- ing these claims. In response, plaintiff maintains that he signed blank wage cards and that defendants filled them in after had signed them.

I presided over two settlement conferences between the parties and their counsel. After a protracted discussion on April 23, 2018 of the strengths and weaknesses of the parties' respective positions, the parties agreed to resolve the dispute for a total settlement of $27,500 to be paid in five installments -- $5,500 within 30 days of the filing of an Order approving the settlement and four $5,500 monthly payments thereafter.

2

Court approval of an FLSA settlement is appropriate

> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

3

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, plaintiff's net settlement -- $17,666.67 after attorneys' fees and costs -- represents approximately 13% of his total alleged damages. Considering the strong defenses to plaintiff's minimum wage claim and the dispute over whether plaintiff could even recover overtime premium pay and spread-of-hours damages, this percentage is reasonable.

Second, the settlement will entirely avoid the expense and aggravation of litigation. The factual and legal issues in this matter would have led to protracted and costly litigation, likely involving additional depositions and further document production. The settlement avoids this burden.

Third, the settlement will enable plaintiff to avoid the risk of litigation. The main factual dispute in this case is whether the defendants' time cards, which purport to document plaintiff's hours and salary and which were signed by plaintiff, are accurate. The only evidence plaintiff has to rebut this documentation is his own self-serving testimony, which the jury may or may not credit. Given this documentary evidence and the fact that plaintiff bears the burden of proof, it is uncertain whether, or how much, plaintiff would recover at trial.

Fourth, because I presided over the settlement confer-

4

ence that immediately preceded plaintiff's acceptance of the settlement, I know that the settlement is the product of arm's-length bargaining between experienced counsel. Both counsel represented their clients zealously at the settlement conference.

Fifth, there are no factors here that suggest the existence of fraud. The material terms of the settlement were reached at the settlement conference after a lengthy negotiation.

The parties also agreed to execute mutual general releases. General releases are permissible in FLSA settlements where plaintiff is no longer employed by defendants, the releases were negotiated by competent counsel for both sides and the releases are mutual. See Snead v. Interim HealthCare of Rochester, Inc., 16-CV-06550 (EAW), 2018 WL 1069201 at *6 (W.D.N.Y. Feb. 26, 2018); Geskina v. Admore Air Conditioning Corp., 16 Civ. 3096 (HBP), 2017 WL 1743842 at *2 (S.D.N.Y. May 3, 2017) (Pitman, M.J.); Cionca v. Interactive Realty, LLC, 15 Civ. 5123 (BCM), 2016 WL 3440554 at *3-*4 (S.D.N.Y. June 10, 2016) (Moses, M.J.); Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, 13 Civ. 5008 (RJS), 2016 WL 922223 at *2 (S.D.N.Y. Feb. 3, 2016) (Sullivan, D.J.); Souza v. 65 St. Marks Bistro, 15 Civ. 327 (JLC), 2015 WL 7271747 at *5 (S.D.N.Y. Nov. 6, 2015) (Cott, M.J.). General mutual releases in cases "with former employees who have no ongoing relationship with the employer, make[] sense in order to

5

bring complete closure" in FLSA settlements.  Souza v. 65 St. Marks Bistro, supra, 2015 WL 7271747 at *5.  Broad general releases of non-FLSA claims can be acceptable where the release of claims is binding on both plaintiffs and defendants because the mutuality cures the "concern[] that the waiver unfairly benefits only Defendants."  Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, supra, 2016 WL 922223 at *2.  Courts have found such releases are an effective way to ensure that "both the employees and the employer are walking away from their relationship up to that point in time without the potential for any further disputes."  Souza v. 65 St. Marks Bistro, supra, 2015 WL 7271747 at *5.

Plaintiff has not worked for defendants since November 25, 2016 -- more than three months before the filing of this action.  Furthermore, I was able to observe plaintiff's and defendants' counsel during the April 23, 2018 settlement conference, and I am confident these general mutual releases were negotiated by competent counsel for both sides.  Finally, the releases are mutual because they bind plaintiff and defendants equally.  Thus, I find the mutual general releases acceptable.

Finally, the settlement agreement provides that $1,000

will be paid to plaintiff's counsel for out-of-pocket costs[1] and $8,833.33, 33.3% of the net settlement fund after the deduction of costs, will be paid to plaintiff's counsel as a contingency fee. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of

---

[1] Counsel's out-of-pocket costs consist of the $400 filing fee, $100 for service of process and $500 for the transcripts of two depositions.

the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.).

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk is respectfully requested to mark this matter closed.

Dated: New York, New York
May 24, 2018

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel